UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TREVOR BURTON, EMILY BURTON,
AZ TRANSIT CONTRACTING CORP.,
DOUGLAS R. SHERMAN and SARI M.
SUNSHINE,

**MEMORANDUM & ORDER**
10-CV-5821 (MKB) (AKT)

Plaintiffs,

v.

FRANK GAGLIANO, individually and as Chief
Building Inspector for the Incorporated Village of
East Hills, BUILDING DEPARTMENT of the
Incorporated Village of East Hills, BARRY LAMB,
Deputy Code Enforcement Officer/Building
Inspector of the Incorporated Village of East Hills,
MICHAEL R. KOBLENTZ, Mayor of the
Incorporated Village of East Hills, EMANUEL
ZUCKERMAN, Deputy Mayor of the Incorporated
Village of East Hills and the INCORPORATED
VILLAGE OF EAST HILLS,

Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On December 15, 2010, Plaintiffs Trevor Burton, Emily Burton, AZ Transit Contracting Corporation, Douglas R. Sherman and Sari M. Sunshine commenced the above-captioned action against Defendants Frank Gagliano, Barry Lamb, Michael R. Koblentz, Emanuel, Zuckerman, the Incorporated Village of East Hills and the Building Department of the Incorporated Village of East Hills. (Compl., Docket Entry No. 1.) After amending the Complaint, Plaintiffs alleged two federal causes of action pursuant to 42 U.S.C. § 1983 and five state law causes of action for

intentional interference with a contract, prima facie tort, negligence, nuisance and trespass.[1] (Am. Compl., Docket Entry No. 16.) Plaintiffs claim that Defendants violated their due process rights when they revoked certain building permits and issued stop-work orders on a property in the Village of East Hills. (*Id.* ¶¶ 40–43.)

Defendants moved for summary judgment as to all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Defs. Notice of Mot. for Summ. J., Docket Entry No. 35.) The motion was referred to Magistrate Judge A. Kathleen Tomlinson on October 28, 2015. (*See* Order dated Oct. 28, 2015.) By report and recommendation dated July 21, 2016 (the "R&R"), Judge Tomlinson recommended that the Court grant Defendants' motion for summary judgment and decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.[2] (R&R 38, Docket Entry No. 54.) No party has objected to the R&R.

---

[1] At a pre-motion conference on March 6, 2015, Plaintiffs withdrew an equal protection claim. (*See* Minute Entry dated March 6, 2015.)

[2] Contrary to Plaintiffs' argument that the statute of limitations period for several of his state law claims has expired, 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under [supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367; *see Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("The dismissal will not have any impact on the statute of limitations for these claims, because, pursuant to 28 U.S.C. § 1367(d), the limitations period is tolled while the claims are pending and for 30 days after they are dismissed."); *Bjorlin v. MacArthur Equities Ltd.*, No.11-CV-00558, 2015 WL 403212, at *4 (D. Conn. Jan. 28, 2015). Moreover, New York Civil Practice Rule 205(a) extends the tolling period to six months where the first action was timely commenced and was "terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for failure to prosecute the action, or a final judgment upon the merits." C.P.L.R. § 205(a); *see Murphy v. Flagstar Bank*, No. 10-CV-0645, 2011 WL 4566139, at *3 (N.D.N.Y. Sept. 29, 2011) (explaining that section 205(a) "permits a party to re-file a claim in state court that was timely filed in federal court"); *Dallas v. Roosevelt Union Free Sch. Dist.*, 644 F. Supp. 2d 287, 296 (E.D.N.Y. 2009); *see also Healy v. City of N.Y. Dep't of Sanitation*, 286 F. App'x 744, 746–47 (2d Cir. 2008) ("The district court should dismiss this claim without prejudice so that Healy can seek to pursue it in state court . . . .").

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[F]ailure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Eustache v. Home Depot U.S.A., Inc.*, 621 F. App'x 86, 87 (2d Cir. 2015) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts Judge Tomlinson's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Defendants' motion for summary judgment is granted, and the Court dismisses Plaintiffs' state law claims without prejudice.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 16, 2016
       Brooklyn, New York